**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JAMES R. CROW,**

        **Plaintiff,**

**vs.**	**Case No.  8:04-cv-1765-T-27MSS**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for a Period of Disability and Disability Insurance Benefits under the Act.[1]

The Court has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge (the "ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case.

**I.	BACKGROUND**

    **A.	Procedural History**

Plaintiff filed his first application for benefits in May 1998. (T.67-69).  This initial application was denied at the administrative level. (T.56-63).  On September 2, 1999, after a hearing, the ALJ issued a decision that Plaintiff was not disabled. (T.44-52).  On September 21,

---

[1] The District Court has referred this matter to the Undersigned for a Report and Recommendation pursuant to Title 28 U.S.C. § 636(b)(1), Fed. R.Civ. P. 72, and Local Rules 6.01(a),(b) and 6.02(a).

2001, Plaintiff's request for review was denied and the ALJ's September 2, 1999, decision became the final decision of the Commissioner. (T.54-55).

Plaintiff filed his current application for Disability Insurance Benefits and Supplemental Security Income payments on May 23, 2002. (T.206-209).[2] Plaintiff's application was denied both initially and upon reconsideration. (T.16). On December 12, 2002, Plaintiff requested a hearing before an ALJ. (T.204-205) (the "ALJ Hearing"). The ALJ Hearing was held on November 15, 2003. (T.390-403). At the ALJ Hearing, Plaintiff testified on his own behalf and Ms. Teresa Manning testified as the vocational expert (the "VE"). (T.392). On March 22, 2004, the ALJ issued a decision finding Plaintiff not disabled (the "Hearing Decision") because he retained the residual functioning capacity ("RFC") to perform a restricted range of light work. (T.24, Finding 11). On May 27, 2004, the Appeals Council denied Plaintiff's request for review of the Hearing Decision. (T.9-11). Plaintiff timely filed this action for judicial review.

**B.  Pertinent Medical History and Findings Summary**

Plaintiff's medical history is set forth in the Hearing Decision. By way of summary, Plaintiff, born on February 10, 1960, is now 45 years old and was 43 years old at the time of the ALJ Hearing. (T.392). Plaintiff has a high school education and his past work experience includes employment as a truck driver. (T.16, 411). Since September 3, 1999, Plaintiff has alleged disability due to chronic back pain and chronic obstructive pulmonary disease ("COPD"). (T.16, 212). Plaintiff last worked in 1997 after sustaining a work related injury. (T.145, 392). Plaintiff last met the Act's insured status requirements on December 31, 2001. (T.73)  Therefore, Plaintiff must establish disability on or prior to this date.

---

[2] The Commissioner states in the filed Memorandum in Support that the Plaintiff filed his application for Disability Insurance Benefits on April 18, 2001. (Dkt. 10, Comm. Mem. in Supp. at 2). The Undersigned can find no support for this date in the record.

During the ALJ Hearing, Plaintiff reported that he could lift four or five pounds, stand for six to seven minutes and sit for eight to ten minutes. (T.396-397). Plaintiff further reported that he was in bed between 14 to 15 hours per day and performed no housework and did not exercise. (T. 399-400). In addition, Plaintiff testified that he smokes a half a pack of cigarettes a day and that he is able to drive an automobile once or twice a week. (T.404, 393). Plaintiff further testified at the ALJ Hearing that he suffers from diabetes (for which he claims he takes no medication due to lack of funds (T. 392-393)) and chronic low back pain; that he had recently lost 35 to 40 pounds; and, is status post surgery to repair an umbilical hernia and left little finger amputation. (T.392-395; 401-402). Plaintiff also testified that at the time of the ALJ Hearing he was taking the following medications - Vicodin, Lortab, Flexeril, Soma and Xanax. (T.395).

At the ALJ Hearing, Plaintiff presented the ALJ with medical records from Plaintiff's treating physician, Dr. Kazi Hassan. Complaining of back pain, Plaintiff became Dr. Hassan's patient on January 8, 1998. (T.382). Dr. Hassan's initial report indicates that Plaintiff suffers from low back pain secondary to work related injury, bulging disk of the lumbar spine, lumbar sprain and strain, as well as lumbar myofascitis. (T.384). Dr. Hassan reports that surgery is not indicated or necessary but that Plaintiff may benefit from a series of epidural steroid injections. (T.385). Dr. Hassan further recommended that Plaintiff lose weight through diet and exercise. (T.385).

Plaintiff was treated by Dr. Hassan, at times on a monthly basis, from 1998 through August 11, 2003. (T.438). During that time Dr. Hassan often reiterated that Plaintiff needed to lose weight. Dr. Hassan also gave Plaintiff the recommended epidural steroid injection, as well as facet joint and other injections. Also, during Plaintiff's treatment, Dr. Hassan often prescribed one or more of the following medications for Plaintiff – Percodon, Percocet, Soma, Xanax,

Vicodan, Pamelor, or OxyContin.[3] Throughout most of the medical record, Dr. Hassan opines that Plaintiff is capable of performing light work with no lifting of more than twenty pounds, and that Plaintiff should not perform any excessive bending or stooping. (T.21).

Periodically during Plaintiff's treatment, Dr. Hassan completed "Disability Claim Attending Physician Statement" forms (the "Disability Form" or collectively, "Disability Forms") on Plaintiff's behalf to MetLife.  Pertinent to this action are the Disability Forms dated November 17, 1998 (T.189-191) and September 12, 2003. (T.406, 440-442).  On the November 17, 1998, Disability Form, Dr. Hassan opined that Plaintiff could work 4 to 6 hours per day.  On the September 12, 2003, Disability Form, Dr. Hassan opined that Plaintiff could work for a total of 4 hours per day.

On November 19, 2002, Francis L. Klingle, Jr., M.D., a non-examining, state agency physician, reviewed the medical and other evidence for a physical RFC assessment of Plaintiff and opined that Plaintiff could perform activities consistent with light work and could sit for six hours in an 8-hour workday and stand and/or walk with normal breaks for a total of about six hours in an 8-hour workday. (T.327-328).

After considering the evidence, including medical records from Plaintiff's treating and examining physicians, the ALJ found that Plaintiff's obesity, diabetes mellitus, chronic low back [pain], bulging disk, status post repair of umbilical hernia, status post amputation of his left little finger, and COPD to be severe. (T.23, Finding 3).  However, because no treating or examining

---

[3]   Plaintiff's Memorandum of Law and Fact contains "Table 1."  Table 1, subtitled "Mention of Pain Medications in Treating Physician Notes" contains a listing of record references to Dr. Hassan's notes for those times that Dr. Hassan mentioned pain medication or performed or recommended a procedure, such as an injection.

physician had mentioned findings equivalent in severity to the criteria of any listed impairments, the ALJ found that Plaintiff did not have an impairment that met or medically equaled one listed in Appendix 1, Subpart P, Regulations No. 4. (T.20). The ALJ also found that Plaintiff's allegations regarding his limitations were not totally credible. (T.23, Finding 5).

The ALJ determined that Plaintiff had the RFC to perform a restricted range of light work. (T.21). The ALJ also found that Plaintiff could not perform his past relevant work as a truck driver but that, based on the testimony of the VE, a sufficient number of jobs exist in the national economy that Plaintiff could perform, including "copy machine" operator and "ticket taker." (T.2). As such, he was not disabled under the Act.

Plaintiff contends that the decision of the Commissioner must be reversed because the ALJ erred for the following reasons: 1) failing to consider Plaintiff's use of pain medication when determining whether to accept or reject Plaintiff's complaints of pain and 2) disregarding the opinions of Plaintiff's Treating Physician, Dr. Kazi M. Hassan.

**I.    STANDARD OF REVIEW**

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole. 42 U.S.C. §405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this Court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

No similar presumption of validity attaches to the Commissioner's legal conclusions; rather the Court reviews the application of law de novo. See Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993). If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See McDaniel v. Bowen, 800 F.2d 1026, 1029-1030 (11th Cir. 1986); Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir. 1983). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then a remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

For the reasons that follow, the Undersigned finds that the ALJ's decision is consistent with legal standards and supported by substantial record evidence, and **RECOMMENDS** that the decision of the Commissioner be **AFFIRMED**.

### III. DISCUSSION

#### A. Whether the ALJ properly considered Plaintiff's use of pain medication when determining whether to accept or reject Plaintiff's complaints of pain

Plaintiff claims that the ALJ's failure to consider Plaintiff's use of medication adversely affected his finding that Plaintiff's subjective pain testimony was not entirely credible. In support of this assertion, Plaintiff's counsel provides a detailed table documenting all mentions of pain medication (and the procedures that Plaintiff underwent) in Dr. Hassan's office and procedure notes. (Pl. Mem., pp. 5-7).

The standard for evaluating subjective evidence of pain in disability cases requires the ALJ to credit a claimant's subjective pain testimony if there is (a) evidence of an underlying medical condition and (b) either (1) objective medical evidence to confirm the severity of the

alleged pain or (2) that the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. Mason v. Bowen, 791 F.2d 1460, 1462 (11th Cir. 1986)(emphasis added). This standard also applies to other subjective complaints. Holt v. Sullivan, 921 F.2d 1221 (11th Cir. 1991).

Under the alternate prong of the pain standard, subjective pain testimony, which is supported by clinical evidence of a condition that can reasonably be expected to produce the symptoms of which Plaintiff complains, is itself sufficient to sustain a finding of disability. This prong requires the ALJ to evaluate the credibility of a claimant's testimony as to pain and to articulate a reasonable basis for rejecting the testimony if it is rejected. Sewell v. Bowen, 792 F.2d 1065, 1068 (11th Cir. 1986). If the ALJ rejects a claimant's testimony regarding complaints of pain, he must articulate "explicit and adequate reasons" for doing so. Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995). Further, the articulated reasons for discrediting a claimant's testimony must be supported by substantial evidence. Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987). Failure to articulate reasons for rejecting a claimant's testimony requires that the testimony be accepted as true as a matter of law. Foote, 67 F.3d at 1562. The same is true if the articulated reasons for discrediting the testimony are not supported by substantial evidence. Hale, 831 F.2d at 1012.

In reviewing the ALJ's decision, the Court must first determine as a matter of law whether the ALJ applied the correct legal standard in evaluating Plaintiff's complaints of pain and other subjective symptoms. See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987). If the Court finds that the ALJ applied the correct legal standard, the Court must determine whether the ALJ's finding that a claimant does not meet the Mason pain standard is supported by

substantial evidence. See id. The Court may not disturb the ALJ's credibility finding if it is clearly articulated and supported by substantial evidence. See Foote, 67 F.3d at 1562.

In this proceeding, the ALJ, in conducting the pain analysis, concluded that Plaintiff did not meet one of the prongs of the test. Specifically, the ALJ found that Plaintiff met the first prong of the pain test when he found that Plaintiff suffered from obesity, diabetes mellitus, chronic low back [pain], a bulging disk, and COPD and that Plaintiff retained the residual functioning capacity to perform only light work and not his past relevant work as a truck driver. (T.21, T.23, Findings 3, 6). However, the ALJ found that Plaintiff did not meet the second prong of the test. Specifically, the ALJ found that Plaintiff's allegations regarding his limitations were not totally credible because the ALJ found that Plaintiff's actual pain was not as severe or debilitating as he alleged. (T.17-21, (T.23, Finding 5)).

In determining whether to accept or reject Plaintiff's complaints of pain, the record shows that the ALJ considered Plaintiff's use of medications as part of his analysis. The following are references by the ALJ to Plaintiff's use of prescription medications appearing in the Hearing Decision. The ALJ writes:

1. The claimant reported that he is diabetic; however he reported that he does not take any medications because he does not have any money. He further reported that he had not inquired about getting help with his medications (T. 18);

2. The claimants prescriptions were refilled (T.19);

3. On February 14, 2000, the claimant was seen by Dr. Hassan for a refill of his medications (T.19); and,

4. The claimant's pain medications were adjusted and . . . it was noted that Vicodin HP was definitely working. The claimant reported that the medications eased approximately 50 percent of his pain. (T.19).

In addition to these direct references to Plaintiff's pain medications, the ALJ makes specific references in the Hearing Decision to Plaintiff's receipt of various (and varying types of) injections from Dr. Hassan. The ALJ writes:

1. Dr. Hassan had explained to the claimant that he did not think he was a candidate for surgery and that the only [thing] he might benefit from was a series of epidural steroid injections. Treatment notes show that [claimant] did receive [epidural steroid] injections. On September 1, 1999, during a follow-up appointment the claimant exported that immediately after receiving the epidural steroid injections [he] had experienced significant relief of his pain" (T.19);

2. On October 19, 1999 . . . Dr. Hassan stated that he was not going to repeat lumbar epidural steroid injections; however[,] he would perform facet joint injections to see if the claimant would experience any resolution of his pain (T.19); and,

3. On January 21, 2001, Plaintiff received two paravertebral muscle injections. (T.19).

Taking Plaintiff's use of pain medications and receipt of injections into consideration, the ALJ ultimately finds, in pertinent part, that:

> [T]he claimant's statement concerning his impairments and their impact on his ability to work are not entirely credible in light of the reports of the treating and examining physician's made on examination and **the degree of medical treatment required.** The claimant has reported throughout the record that he is not able to work due to back pain and chronic obstructive pulmonary disease. However, the record shows that the claimant's allegations are not as severe as he has alleged. **For example, claimant has been treated conservatively by Dr. Hassan since 1998**. Dr. Hassan had reported on several occasions that the claimant was not a candidate for surgery because he had a slight bulging disk, Dr. Hassan had recommended that the claimant go back to light duty work and lose weight and exercise. . . The undersigned concludes that the claimant['s] limitations are not as debilitating as he has alleged.

(T.20-21)(emphasis added).

As stated above, the ALJ arrived at the conclusion that Dr. Hassan treated Plaintiff's complaints conservatively because Dr. Hassan chose to treat Plaintiff by administering injections and prescribing pain and other medications. The ALJ uses this "conservative treatment"

conclusion to support his finding that claimant's allegations of pain are not as severe as alleged. Thus, the Undersigned finds that the record demonstrates that the ALJ considered Plaintiff's use of pain medication prescribed by and the injections administered by Dr. Hassan.

In addition, the ALJ's findings that Plaintiff can perform a restricted range of light work and therefore could no longer perform his past relevant work demonstrate that the ALJ credited Plaintiff's complaints of pain to some extent; however, he simply did not credit the complaints to the extent alleged by Plaintiff.

Accordingly, the record reflects that the ALJ properly considered all of the relevant medical record information and that this evidence supports the ALJ's rejection of Plaintiff's allegations of pain to the extent alleged. Accordingly, the Undersigned reports and recommends that the Court find that the Hearing Decision in this regard is supported by substantial evidence.

### B.   Whether the ALJ erred in disregarding the opinions of Plaintiff's Treating Physician

Plaintiff contends next that the ALJ erred by failing to give proper weight to the opinion of his treating physician, Dr. Hassan, as to Plaintiff's functional limitations, specifically that he is incapable of performing full time work. To support this contention, Plaintiff relies on the September 12, 2003, Disability Form completed by Dr. Hassan stating that Plaintiff could only work 4 hours a day. (T.21, 440-42). Plaintiff also references the November 17, 1998, Disability Report completed by Dr. Hassan stating that Plaintiff could work 4 to 6 hours a day. (T.189-191).

The Commissioner responds that Plaintiff's allegations in this regard are wholly without merit because the September 12, 2003, Disability Form, which was prepared for worker's compensation purposes, was completed almost two years after the expiration of Plaintiff's

insured status and was not supported by Dr. Hassan's medical findings documented during clinical evaluations during Plaintiff's insured status period. In addition, the Commissioner argues that the ALJ's decision to reject Dr. Hassan's September 12, 2003, opinion and instead to rely on Dr. Hassan's relevant opinions and the opinion of Dr. Klingle that Plaintiff is capable of performing full time restricted light duty work, is justified.

With respect to the Commissioner's first contention, the law is clear. In order to be entitled to Disability benefits a claimant must establish that he has been unable to work for 12 months prior to the expiration of his insured status or that prior to the expiration of his insured status it has been determined he is disabled and will remain disabled for a period of twelve months or more. Disability that occurs after the expiration of the insured status cannot serve as a basis for receipt of Disability benefits under the Act. Burden v. Barnhart, 223 F. Supp. 2d 1263, 1267 (M.D. Fla. 2002)(citing Kirkland v. Weinberger, 480 F.2d 46 (5th Cir. 1973)); Henley v. Commissioner of Social Sec., 58 F.3d 210, 213 (6th Cir. 1995) (stating that when one loses insured status, one is simply no longer eligible for benefits for disability arising thereafter)(internal citations omitted).

With respect to the second contention, the law is also clear. The controlling body of law on the priority of medical evidence provides that the treating physician's opinion may not be rejected absent good cause to the contrary. Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991). Furthermore, that good cause finding must be set forth expressly on the face of the ALJ's opinion. "Absent a showing of good cause to the contrary, the opinions of treating physicians must be accorded substantial or considerable weight by the Commissioner." Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988)(citation omitted); MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). The reports of reviewing, non-examining physicians do not constitute

11

substantial evidence on which to base an administrative decision. Spencer on Behalf of Spencer v. Heckler, 765 F.2d 1090, 1093 (11th Cir.1985); Strickland v. Harris, 615 F.2d 1103 (5th Cir.1980); Lamb, 847 F.2d at 703 ("The opinions of non-examining, reviewing physicians, . . . when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence.")  Further, the good cause required before the treating physicians' opinions may be accorded little weight is not provided by the report of a non-examining physician where it contradicts the report of the treating physician. Johns v. Bowen, 821 F.2d 551 (11th Cir.1987).  This priority, known as the "treating physician rule," is borne out of the notion that treating physicians generally have more knowledge of the medical history of their patients and in that capacity are best qualified to assess the nature of the claimed disability.  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

Plaintiff was treated by Dr. Hassan from January 8, 1998, until August 11, 2003. As such, Dr. Hassan is a treating physician.  As noted above, Dr. Hassan executed the September 12, 2003, Disability Form for submission to MetLife. (T.406, 440-442).  Plaintiff contends that the ALJ discounted Dr. Hassan's medical assessment made in the September 12, 2003, Disability Form that Plaintiff could only work for 4 hours per day (T.21, 440-42) and instead erroneously accorded significant weight to the opinion of the state agency physician, Dr. Francis L. Klingle, that Plaintiff is capable of performing a limited range of full time light work.  In the Hearing Decision the ALJ explained that he discounted Dr. Hassan's September 12, 2003, opinion, stating:

> The undersigned gives little weight to the opinion of Dr. Hassan a treating physician's opinion dated September 13, 2003. It is noted that Dr. Hassan['s] opinion that the claimant could only work for four hours a day at a sedentary exertional level is not supported by his own findings during clinical evaluations. Throughout the record Dr. Hassan has maintained that

12

>   the claimant had mild to moderate limitations and that his back problems
>   had improved with changes of medications and weight los[s] with exercise.
>   It is further noted that Dr. Hassan had also reported throughout the record
>   that the claimant experienced no major motor or sensory deficits. The
>   undersigned finds that Dr. Hassan['s] opinion was based solely on
>   claimant's subjective complaints of pain and not on any objective medical
>   findings.

(T.21).

Plaintiff is correct that evidence created subsequent to the expiration of his insured status is relevant evidence if it bears upon the severity of the claimant's condition before the expiration of his or her insured status. See Basinger v. Heckler, 725 F.2d 1166 (8th Cir.1984)(internal citations omitted). Dr. Hassan's September 12, 2003, opinion as to Plaintiff's ability to perform full time work, however, was completed two years after Plaintiff's insured status expired. Additionally, the September 12, 2003, Disability Form does not, on its face, purport to relate back to any prior period and certainly not back to 2001. Thus, it has no bearing on whether or not Plaintiff was disabled and capable of working full time prior to the expiration of his insured status on December 31, 2001. As such, the September 12, 2003, Disability Form and the opinion expressed therein contribute nothing towards Plaintiff's establishment of entitlement to Disability benefits prior to the expiration of his insured status, and the ALJ was correct in affording it little weight in determining whether Plaintiff was disabled prior to December 31, 2001.

Further, Plaintiff's suggestion that the ALJ improperly relied on Dr. Klingle's opinion to discount the September 12, 2003, opinion of Dr. Hassan is also unavailing. In this case the ALJ accorded significant weight to Dr. Klingle's opinion that Plaintiff was capable of full time work because it was consistent with the medical evidence of record, including the majority of Dr.

Hassan's findings in the period prior to the expiration of Plaintiff's insured status on December 31, 2001.

As the ALJ noted throughout the majority of the record in opinions within the relevant time period, Dr. Hassan opined that Plaintiff was capable of performing the exertional requirements for light work. (T.21). For example, throughout 1999, including on September 1, 1999 and October 1, 1999, Dr. Hassan recommended light duty work for Plaintiff. (T. 364 (light duty with no excessive bending, stooping or lifting of more than 20 pounds) and T.365 (light duty with no excessive bending, stooping or lifting of more than 25 to 30 pounds)).

On this basis, the ALJ concluded Dr. Hassan's September 13, 2003, opinion, even if relevant, is not consistent with the other substantial evidence in the relevant record, including the findings of Dr. Klingle and the substantial majority of Dr. Hassan's previous recommendations.

The ALJ's refusal to credit the November 17, 1998, Disability Form is also supported by the evidence and consistent with the law. It should be noted that Dr. Hassan's finding that Plaintiff could work 4 to 6 hours a day on the November 17, 1998, Disability Form was, like the September 12, 2003, Disability Form, outside the relevant period. It predated the instant claim of disability. This is important for two reasons. First, as explained above, in order to be relevant medical evidence must relate to the correct period. To be sure, evidence that predates the period can be relevant but it should note some relation or be logically related. (T.189-191). No such statement or showing is apparent here. In fact, Dr. Hassan's release of Plaintiff, in the relevant period, to light duty with significant exertional capacity is inconsistent with the 1998 opinion. Finally, and perhaps most importantly, the November 17, 1998, Disability form was submitted in Plaintiff's earlier application and was found not sufficient to support a finding of disability.

Plaintiff did not appeal that decision and it therefore became final as to time periods pre-dating September 1999 to which the November 17, 1998, Disability Form applies. (T.47).

Accordingly, the Undersigned finds that the ALJ had good cause to reject both Dr. Hassan's November 17, 1998, and September 12, 2003, opinions to the extent that those opinions conflict with the ALJ's finding that this Plaintiff is capable of full time employment, and his doing so was supported by substantial evidence.

### IV.   CONCLUSION

For the foregoing reasons, the Undersigned finds that the ALJ's decision is consistent with legal standards and supported by substantial evidence. Thus, it is recommended that the decision of the Commissioner be **AFFIRMED** and that judgment be entered in favor of Defendant.

Respectfully **RECOMMENDED** in Tampa, Florida on this 30th day of August 2005.

MARY S. SCRIVEN
United States Magistrate Judge

### NOTICE TO THE PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report by **September 12, 2005** shall bar an aggrieved party from attacking the factual findings on appeal.

Copies furnished to:

Judge Whittemore
Counsel of Record